**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN M. GARRISON,** | : | |
| | : | **Case No. 3:24 CV 1614** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JUDGE JAMES R. KNEPP II** |
| | : | |
| **OHIO DEPARTMENT** | : | **MAGISTRATE JUDGE CLAY** |
| **OF REHABILITATION** | : | |
| **& CORRECTION**, *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS CASE HOFFMAN, DOUGLAS YINGLING, JODIE SLONE, AND CALEB ROSE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DOC. 51]**

NOW COME, Defendants Case Hoffman, Douglas Yingling, Jodie Slone, and Caleb Rose ("Defendants"), by and through counsel, and hereby state their opposition to Plaintiff's Motion for leave to File First Amended Complaint. [Doc. 51]. The proposed First Amended Complaint, unsigned by Plaintiff, is attached to his Motion for Leave. [Doc. 51-1]. For the reasons described herein, the Court should deny Plaintiff's motion.

I.      **INTRODUCTION AND BACKGROUND**

This matter stems from an incident that occurred on October 31, 2023 at Marion Correctional Institution ("MCI"), where Plaintiff Stephen M. Garrison ("Plaintiff") was confined as a convicted criminal. [Doc. 36, PageID 364]. In his three previous operative pleadings, i.e., Docs 1, 4, and 15, Plaintiff acknowledged ingesting an illicit substance that caused him to have a "very bad reaction," become "erratic," and cause him "to [f]lail[] [his] arms [and] legs [and] yell[] incoherently." [*Id.* (quoting Doc. 15, PageID 4)]. Plaintiff was subdued and escorted to the infirmary at MCI. At some point during this event, Plaintiff suffered a fracture to his right arm.

Plaintiff alleged that Defendants Hoffman Yingling, and Rose used excessive use of force against him at various moments while restraining and escorting him to MCI's infirmary. [Doc. 36, PageID 364-65]. Plaintiff then alleged Defendant Slone was deliberately indifferent to his medical condition by not adequately treating a fracture he incurred in his right arm during the incident. [*Id.*, PageID 365-66]. Plaintiff further alleged retaliation claims stating that he was subject to personal harassment, amongst other acts. [*Id.*, PageID 366]. Plaintiff alleged that Defendant Yingling allegedly harassed him on three separate occasions following the October 31, 2023, incident. [Doc. 15, PageID 111, ¶ 16].

In his initial operative pleadings, Plaintiff named five defendants: the Ohio Department of Rehabilitation and Correction ("ODRC"), Case Hoffman, Douglas Yinling, Jodie Slone, and Caleb Rose. [Docs. 1, 4, and 15]. While Plaintiff implied or inferred there were other unidentified correction officers involved in the October 31, 2023, incident, at no time did Plaintiff allege a specific claim against an unknown or unidentified individual ("John Doe") in his operative pleadings.

In reviewing a Motion to Dismiss filed by the five defendants, the Court allowed Plaintiff's claims against Defendants Hoffman, Yingling, and Slone to proceed. [Doc. 36].

The Court dismissed Plaintiff's claims against ODRC, his retaliation claims, and his excessive use of force claim against Defendant Rose.[1] [*Id.*, PageID 368-69, 372-74].

Plaintiff now moves the Court for leave to amend his operative pleadings into a single "First Amended Complaint." [Docs. 51 and 51-1].

---

[1] It is unclear what, if any claim remains against Defendant Rose; however, Defendant Rose was not terminated from the Court's docket as a defendant. Ultimately, Defendant Rose should be dismissed from this action and terminated as a party on the Court's docket.

In his proposed First Amended Complaint, allegedly signed by a purported "power of attorney" and not Plaintiff, Plaintiff intends to join and name two additional correction officers as defendants, i.e., Gary G. Taylor and Jacob Case.[2] [Doc. 51-1, PageID 438]. Plaintiff proposes to add these two individuals as defendants almost three years after his claims accrued despite (1) never naming them as a known or unknown defendant or (2) having first obtained service of process against them. Moreover, Plaintiff proposes to resurrect his retaliation claims already dismissed by the Court.

The Court should deny Plaintiff's motion for leave to amend his complaint. Granting Plaintiff leave to amend his operative pleadings to substitute the same for his proposed First Amended Complaint would be an act of futility. Any claims Plaintiff may or may not have against Correction Officers Gary Taylor and Jacob Case are ultimately time-barred, and Plaintiff is further procedurally prohibited from joining them to this action. Moreover, any additional retaliation claims against Officer Yingling (and others) have already been dismissed by the Court. In alleging a new claim of retaliation, Plaintiff again fails to state facts upon which a claim may be granted.

For these reasons, and as described more fully below, the Court should deny Plaintiff's Motion for Leave to File First Amended Complaint.

## II.     LAW AND ARGUMENT

A court may grant leave to a party to amend their pleading "when justice so requires." Fed. R. Civ. P. 15(a). "In evaluating the interests of justice, courts consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated

---

[2] Reference to Jacob Case as a defendant in the Joint Status Report was a mistake on the part of the undersigned in attempting to determine the proper parties to this action when submitting the Joint Status Report to Plaintiff for review and signature. Jacob Case is not a defendant in this matter. Any such attempt to join him to this action is time-barred under Ohio's Statute of Limitations that governs the period of time in which to file Section 1983 civil actions, as explained herein.

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (further quotation omitted)). "An amendment is futile if it could not survive a motion to dismiss under Rule 12(b)(6). *Richard v. Winn*, No. 23-1429, 2024 U.S. App. LEXIS 12922, at *12, 2024 WL 4765302 (6th Cir. May 29, 2024) (citing *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014)).

The Sixth Circuit has upheld District Court decisions that deny amendment of a pleading when the proposed amendment is filed after an expiration of the statute of limitations, and the claim would not relate back to the original complaint. *Onumonu v. Mich. Dept. of Corr*, No. 23-1235, 2023 U.S. App. LEXIS 28619, 2023 WL 10366580 (6th Cir. Oct. 26, 2023).

"Although the statute of limitations is an affirmative defense, a Complaint can be dismissed for failure to state a claim if the allegations of the Complaint demonstrate that the claim would be barred by the applicable statute of limitations." *Hammock v. Rogers*, No. 1:17-cv-1939, 2018 U.S. Dist. LEXIS 222835, at *9, 2018 WL 8414482 (N.D. Ohio Dec. 17, 2018) R&R adopted by 2019 U.S. Dist. LEXIS 43849 (N.D. Ohio Mar. 18, 2019) (quoting *Robinson v. City of Euclid*, No. 1:10-cv-1824, 2010 U.S. Dist. LEXIS 103442, at *3, 2010 WL 3860609 (N.D. Ohio Sept. 30, 2010)).

Here, the applicable statute of limitations for Section 1983 civil actions arising in Ohio requires that actions be filed within two years after their accrual. *Browning v. Pendelton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). A statute of limitations begins to run when the plaintiff knows or has reason to know of the alleged injury. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

It is abundantly clear Plaintiff knew his claims accrued on October 31, 2023. It is also clear that Plaintiff did not name any unidentified defendants as parties to this action in his original operative pleadings. [Docs. 1, 4, and 15].

An amendment to a pleading relates back to the original when:

(A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Hammock*, 2018 U.S. Dist. LEXIS 222835, at *9 - *10 (citing Fed. R. Civ. P. 15(c)). Consequently, when an amendment adds a new party, "it creates a new cause of action that does not relate back to the original filing for purposes of limitations." *Id.* at *10 (citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010); *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute [of limitations] has run, for the amendment is one of substance rather than one of form and brings into being one not presently in the Court.")).

Because Plaintiff did not previously name any unidentified individuals as defendants, attempting to add Officers Taylor and Case would amount to the establishment of a new and independent cause of action, since the limitations date ran for both individuals on October 31, 2025. Additionally, neither individual is presently before the Court. Thus, their joinder as party defendants at this untimely stage would be an act of futility. Joinder of Officers Taylor and Case at this untimely juncture would also amount to undue prejudice against them in having to retain counsel and defend against claims that are time-barred.

It is likely Plaintiff will contend that he was unable to discover the identity of Officers Case and Taylor until recently, but this contention should also fail. Plaintiff referenced specific facts

detailing the incident (despite acknowledging he was under the influence at the time) and attached several documents to his original pleadings demonstrating Plaintiff either knew, or should have known, who was involved in his being subdued and escort to MCI's infirmary. For instance, Plaintiff referenced the body worn camera footage of Defendant Hoffman in his second operative pleading. [Doc. 4, PageID 34]. Plaintiff also attached to his second operative pleading purported statements of other inmates who allegedly witnessed the incident. [*Id.*, PageID 53-57]. On April 13, 2026, counsel for Defendants received written discovery requests from Plaintiff, including the following interrogatories:

> (24) Asks if officers that weren't involved in the incident wrote use of force statements, why didn't officers involved such as Yingling write one knowing he caused further pain to the Plaintiff from his actions, not only from the way he dragged the Plaintiff down the main hallway, but especially the way he forced the Plaintiff to fall forward on his face and stomach or he'd refuse to remove the cuffs and shackles knowing the extreme pain the Plaintiff was in?

> (25) Asks why conflicting statements in the use of force packets from those on the scene claiming they cuffed the Plaintiff (Birko & Taylor), when it clearly shows in the BWC, who it was and it wasn't them? Including such as why Birko's BWC split into two (2) videos and still shows Hoffman and Rose as the primary aggressors who did the damage and cuffed the Plaintiff?

Clearly from the way Plaintiff structured his interrogatories, BWC footage of the incident was made available to him for his review. Furthermore, Plaintiff can only concede that he had access to the use of force investigation summary that would inform him of the individuals involved in this incident. In any instance, Plaintiff cannot establish that he was prevented in any manner from discovering the individuals involved in this incident prior to the expiration of the statute of limitations. Instead, Plaintiff's prior operative pleadings and written discovery demonstrates he had access to the materials necessary to identify potential defendants and timely amend his pleadings.

Moreover, any proposed contention from Plaintiff fails in the first instance because Plaintiff never attempted to name additional defendants to this action prior to the expiration of the statute of limitations, even if he was unaware of their exact identities.

Finally, Plaintiff's attempt to re-file his retaliation claims against Defendant Yingling should also fail.

"To succeed on a claim of retaliation, a plaintiff must demonstrate that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would 'deter a person of ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by [his] protected conduct.'" *Djonovic v. Septer*, No. 24-1284, 2025 U.S. App. LEXIS 5380, *6 (6th Cir. Mar. 6, 2025) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be a sufficient to state a . . . claim." *Id.* (quoting *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) in turn quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005)).

Plaintiff described the alleged retaliation against him in his proposed First Amended Complaint.  [Doc. 51-1, PageID 440].  While Plaintiff now clarifies the protected conduct in which he was engaged that caused any motivated deterrence by any defendant. Plaintiff also moves on from Defendant Yingling from having only stared him down and now wants to allege that Defendant Yingling failed to complete a Use of Force statement and "kicked a food tray into Plaintiff's face." Again, Plaintiff's retaliation claim against Defendant Yingling fails because he has not alleged any facts that "connect the dots" between the protected conduct and the purported adverse action, i.e., kicking the food tray. Moreover, why did Plaintiff not previously allege these facts when they were previously known to him when filing his earlier operative pleadings at three separate instances?

Ultimately, at no time does Plaintiff plausibly allege that the purported adverse reactions were motivated by any of his protected conduct. Plaintiff's proposed allegations again amount to improper conclusory allegations that are insufficient to state a retaliation claim. *Djonovic*, 2025 U.S. App. LEXIS 5380 at *6. For these reasons, the Court should deny Plaintiff's motion for leave to amend his already dismissed retaliation claim.

## III.     CONCLUSION

The Court should deny Plaintiff's Motion for Leave to File First Amended Complaint. Allowing Plaintiff to amend his complaint as proposed would be an act of futility. Furthermore, it would be unduly prejudicial to Defendants and to others who are not presently before the Court.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)*
    *Lead Counsel*
MARCY VONDERWELL (0078311)
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 644-7233/F: (866) 359-3383
Daniel.McKitrick@OhioAGO.gov
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendants Case Hoffman, Douglas Yingling, Jodie Slone, and Caleb Rose's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint,* has been electronically filed on July 20, 2026, and has been served upon Plaintiff, via U.S. mail, postage prepaid, at the address below:

Stephen M. Garrison, #A733-378
Marion Correctional Institution
P.O. Box 57
Marion, OH 43302

/s/  *D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General

9