**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**STEPHEN M. GARRISON,**

Plaintiff,

v.

**CASE HOFFMAN, et al.,**

Defendants.

CASE NO. 3:24 CV 1614

JUDGE JAMES R. KNEPP II

**ORDER**

Introduction and Procedural Background

Currently pending before the Court are several motions filed by *pro se* Plaintiff Stephen M. Garrison. *See* Docs. 51, 53, 54, 55, 56. For the reasons set forth below, the Court denies Plaintiff's Motions for Leave to File a First Amended Complaint (Docs. 51, 54), grants Plaintiffs' Motions for Leave of Court to Submit a Second Set of Interrogatories (Doc. 53) and for Extension of Time to File Expert Disclosures (Doc. 56). The Court holds in abeyance Plaintiff's Motion to Compel (Doc. 55) pending a response from Defendants.

Plaintiff, a prisoner incarcerated at Marion Correctional Institution, originally filed this 42 U.S.C. § 1983 action on September 20, 2024. (Doc. 1); *see also* Docs. 4, 15 (supplements). He brings claims arising out of correctional officers' use of force against him on October 31, 2023, and a medical provider's treatment of him thereafter. *See* Docs. 1, 4, 15.

On December 31, 2025, this Court granted in part and denied in part Defendants' Motion to Dismiss. (Doc. 36). The Court denied the Motion's request to dismiss on jurisdictional grounds, but granted it for failure to state a claim as to the retaliation claim against all Defendants, the excessive force claim against Defendant Rose, and all claims against the Ohio

Department of Rehabilitation and Correction. *See id.* The Court held the case would proceed on Plaintiff's excessive force claim against Defendants Hoffman and Yingling and his deliberate indifference claim against Defendant Slone. *Id.*[1]

The remaining Defendants answered Plaintiff's Complaint (Doc. 37), and the Court issued a case management scheduling order (Doc. 38). The scheduling order set the deadline for amending pleadings/adding parties for February 13, 2026. (Doc. 38, at 2). Plaintiff moved several times for an extension of this deadline, and the deadline was ultimately moved to June 30, 2026.

<u>Motions for Leave to Amend (Docs. 51, 54)</u>[2]

Plaintiff moves for leave to amend his complaint. (Doc. 54). His proposed First Amended Complaint seeks to, *inter alia*, add two additional correctional officers as Defendants (Gary G. Taylor and Jacob Case), and to re-plead retaliation claims previously dismissed by the Court. *See* Doc. 51-1. Plaintiff asserts his Amended Complaint is timely and not made in bad faith or to

1. In Defendants' opposition to Plaintiff's Motion to Amend, they note Defendant Rose was not terminated on the Court's docket as a Defendant when the Court issued its previous Order. This was simply an administrative error. The Court will instruct the Clerk to terminate Rose from the docket, *nunc pro tunc* to December 31, 2025, when the claims against him were dismissed.

2. Plaintiff's Motion is arguably untimely under the scheduling order deadline. He first filed an unsigned version of his Motion and proposed First Amended Complaint signed by another inmate who he indicated was his "authorized representative." *See* Doc. 51, 51-1. This document was received by the Court on July 6, 2026 and the "authorized representative" certified that it was mailed on June 30, 2026. *See* Doc. 51-1, at 6; *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (Under the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). That filing contained an explanation that Plaintiff was "presently unable to obtain a pass to the institutions' law library and therefore cannot print or sign these documents himself in time." (Doc. 51, at 1). On August 10, 2026, the Court received a second copy of Plaintiff's Motion and Proposed Amended Complaint, this time signed by Plaintiff. *See* Doc. 54, Doc. 54-1. Because Defendants do not object to the request on timeliness grounds, the Court addresses Plaintiff's Motions under only Federal Civil Rule 15, not Rule 16, which imposes additional requirements when seeking to amend after a scheduling order's deadline.

cause delay. (Doc. 54, at 1). He further asserts that because discovery is still open, no Defendant will be prejudiced by the amendment. *Id.* Defendants oppose Plaintiff's request on futility, undue delay, and prejudice grounds. *See* Doc. 52, at 3-8; Doc. 58.

Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And although leave to amend "shall be freely given when justice so requires[,]" leave may be denied based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Adding Defendants*

As to amendment to add Taylor and Case, Defendants contend allowing such an amendment would be futile because Plaintiff's claims against these proposed Defendants would be barred by the statute of limitations. (Doc. 52, at 3-7). An amendment is futile if it would not survive a motion to dismiss under Federal Civil Rule 12(b)(6) and dismissal under Rule 12(b)(6) is appropriate where the complaint's facial allegations make it clear claims are time-barred. *See Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 500 (6th Cir. 2015); *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate."). The allegations here arise out of officers' interaction with Plaintiff on October 31, 2023. The statute of limitations for a § 1983 claim in Ohio is two years.

*Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). It thus expired on October 31, 2025. Although Plaintiff filed the instant suit originally in September 2024, "the precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (citation modified). Because it is apparent from the proposed Amended Complaint the claims against Taylor and Case would be time-barred based the allegations in the proposed Amended Complaint itself, amendment would be futile. *See Cataldo*, 676 F.3d at 547 (6th Cir. 2012). Plaintiff's request to amend to add such claims is therefore denied.

*Retaliation Claim*

Plaintiff's proposed Amended Complaint also contains a First Amendment retaliation claim against Defendant Yingling. (Doc. 54-1, at 5). Specifically, he alleges:

> After Plaintiff pursued his complaints and this lawsuit, Defendant Yingling retaliated against him. On one occasion, Defendant Yingling kicked a food tray into Plaintiff's face. He also taunted Plaintiff, telling him in substance that his civil-rights case was "going nowhere."
>
> * * *
>
> Plaintiff engaged in protected activity by filing grievances and this lawsuit. In response, Defendant Yingling took adverse action against Plaintiff, including kicking a food tray into his face and taunting him that his case was going nowhere. That adverse action was motivated by Plaintiff's protected activity and would deter a person of ordinary firmness from continuing to pursue it.

*Id.*[3]

On December 31, 2025, the Court dismissed Plaintiff's previous retaliation claim for failure to plead either the first (protected conduct) or third elements (causal connection) of such a

3. Plaintiff further alleges interference with his mail in the section of his proposed complaint addressing retaliation (Doc. 54-1, at 4), but fails to connect this factual allegation to any named Defendant.

claim. *See* Doc. 36, at 13. Defendants contend that although Plaintiff's proposed amendment now pleads the first element (protected conduct), it still contains no more than conclusory allegations of retaliatory motive. (Doc. 52, at 7). Moreover, Defendants question why Plaintiff did not previously allege the newly-added facts when they were (as events that happened to him) previously known. *Id.*

"[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy v. Lane*, 833 F.2d 106, 108 (6th Cir. 1987). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579–80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

As to the food tray incident, Plaintiff merely alleges it happened "after" he filed his complaints, and was "in response to" and "motivated by" his protected activity. (Doc. 54-1, at 4). The Court finds this is simply "alleging . . . the ultimate fact of retaliation," which is "insufficient," *Murphy*, 833 F.2d at 108, and agrees with Defendants that these are mere conclusory allegations of retaliatory motive.

As to Plaintiff's allegation that Yingling "taunted" him by telling him his case was "going nowhere" (Doc. 54-1, at 4), the Sixth Circuit has found this sort of verbal abuse alone insufficient to constitute the type of adverse action necessary to establish a retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 398-99 (6th Cir. 1999); *Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006); *see also Carney v. Craven,* 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse . . . and minor threats do

not rise to the level of a constitutional violation."); *Hilton v. Mish*, 224 F. Supp. 3d 595, 603 (W.D. Mich. 2016) ("[V]erbal abuse, foul language, and insensitive comments made to or about a plaintiff generally do not constitute adverse action.").

The Court therefore finds that permitting Plaintiff to amend his complaint to re-state his previously-dismissed retaliation claim would also be futile.

As such, the Court denies Plaintiff's Motions for Leave to File First Amended Complaint. (Docs. 51, 54).

Discovery Motions

Plaintiff has additionally filed three discovery-related Motions. *See* Docs. 53, 55, 56. Defendants responded. *See* Doc. 59.

First, Plaintiff moves for leave of Court to submit a second set of interrogatories. (Doc. 53). He contends Defendants have objected to his prior interrogatories as too broad or two vague and he wishes to submit new interrogatories "in hopes that the Defense will have a greater understanding of the questions asked and have the ability to properly and fully answer[] the questions." *Id.* at 1. District courts have broad discretion to determine the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(2). Federal Rule of Civil Procedure 33(a) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). And Defendants' counsel represents he informed Plaintiff "he did not require leave from the Court to submit a second set of written discovery requests, and he could serve them to Defendants' counsel" who would respond thereto. (Doc. 59, at 2-3). As such, the Court grants Plaintiff's request to serve a second set of 25 interrogatories.

Second, Plaintiff filed a Motion to Compel. (Doc. 55). Therein, he requests the Court "*compel* the Defense in regards to receiving and viewing the BWC's body worn camera footage as well as any discovery previously requested and that is relevant to this case from **ALL** the parties involved." *Id.* at 1. He further requests x-rays and additional medical records. *See id.* Defendants represent that on August 25, 2026 (the time of Plaintiff's deposition), counsel conferred with Plaintiff in an attempt to resolve his discovery concerns. (Doc. 59, at 1). Following that discussion, counsel agreed to (1) confirm that the six body worn camera videos previously disclosed were the only footage preserved by prison officials; (2) request "the actual radiograph films of [Plaintiff's] right elbow"; (3) submit Plaintiff an authorization allowing the release of Plaintiff's medical records from Ohio Statute University Wexner Medical Center and then request said records. *Id.* Plaintiff's Motion to Compel (Doc. 55) is denied as moot in light of the representations presented in Defendants' response.[4]

Third, Plaintiff requests a 30-day extension of his expert disclosure deadline due to discovery delays. (Doc. 56). Defendants do not respond to this request specifically, but state that "[t]he parties agreed that they would jointly move the Court to amend the case schedule to extend the discovery deadline if necessary." (Doc. 59, at 3). The Court will grant Plaintiff's request and adapt the remaining case management deadlines accordingly. The case management deadlines in this case are hereby modified as follows:

Plaintiff's expert disclosures: **September 28, 2026**
Defendants' expert disclosures: **October 30, 2026**
Liability & Damages discovery: **November 30, 2026**
Dispositive motions: **January 8, 2027**

4. The Court further reminds Plaintiff that this Court's Local Rules and the Case Management Scheduling Order require Plaintiff to confer with defense counsel before filing any motion to compel. *See* Loc. Civ. R. 37.1; Doc. 38, at 1)

Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motions for Leave to File First Amended Complaint (Doc. 51, 54) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that Plaintiff's Request for Leave of Court to Submit a Second Set of Interrogatories (Doc. 53), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion to Compel (Doc. 55) be, and the same hereby is DENIED AS MOOT; and it is

FURTHER ORDERED that Plaintiff's Request for Extension of Time to File Expert Disclosures (Doc. 56) be, and the same hereby is, GRANTED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2026